Eric Bjorgum (SBN 198392)
KARISH & BJORGUM, PC
119 E. Union St., Suite B
Pasadena, CA 91103
Telephone: 213.785.8070
Facsimile: 213.995.5010
Email:eric.bjorgum@kb-ip.com

Attorneys for Plaintiff,
WILLIAM J. DRAYTON, p/k/a Flavor Flav

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WILLIAM J. DRAYTON. pka Flavor Flav, an individual,<br><br>        Plaintiff,<br><br>vs.<br><br>EASTLINK PRODUCTIONS, INC., a New York Corporation dba BTN EASTLINK; GARY RINALDO, an individual; CARLTON RIDENHOUR, an individual; SLAMJAMZ RECORDS dba ENEMY RECORDS, a business entity of unknown form; REACH MUSIC PUBLISHING, INC. dba REACH GLOBAL SONGS, a Virginia corporation; CLIFTON "GREG" JOHNSON, an individual; XEXCUTIVE MUSIC GROUP, LLC, an unknown business entity; SOUNDDOME ENTERTAINMENT, INC., a Georgia | Case No.  2:17-cv-06408<br><br>**COMPLAINT FOR:**<br>**1. VIOLATION OF STATUTORY RIGHT OF PUBLICITY**<br>**2. VIOLAITON OF COMMON LAW RIGHT OF PUBLICITY**<br>**3. COPYRIGHT INFRINGEMENT**<br>**4. BREACH OF FIDUCIARY DUTY**<br>**5. BREACH OF CONTRACT**<br>**6. FALSE DESIGNATION OF ORIGIN**<br>**7. INFIRNGMENT OF A REGISTERED TRADEMARK**<br>**8 COMMON COUNT – OPEN BOOK**<br>**9.  COMMON COUNT – QUANTUM MERUIT**<br>**10. STATUTORY UNFAIR COMPEITION**<br>**11.  COMMON LAW UNFAIR** |

1

COMPLAINT

corporation,; and JOHN DOES 1-10,

                Defendants.

**COMPETITION**
**12. CONVERSION**
**13. CONSTRUCTIVE TRUST**
**14. ACCOUNTING**

**JURY DEMANDED**

## COMPLAINT FOR DAMAGES
## AND DEMAND FOR JURY TRIAL
### Introduction

1.        Plaintiff, WILLIAM J. DRAYTON,  p/k/a "Flavor Flav," a Nevada resident, (hereinafter referred to as "DRATYON"), by and through his undersigned counsel, hereby sues Defendants, EASTLINK PRODUCTIONS, INC. dba BTN EASTLINK, GARY RINALDO, SLAMJAMZ RECORDS, REACH MUSIC PUBLISHING, INC. dba REACH GLOBAL SONGS,  CARLTON RIDENHOUR p/k/a CHUCK D, SOUNDDOME ENTERATAINEMENT, INC., CLIFTON "GREG" JOHNSON, XECUTIVE ENTERTAINMENT, LLC and DOES 1-10, individuals of unknown residence, and states:

2.        This action involves the usurpation of money and property rights from Plaintiff WILLIAM J. DRAYTON, known as "Flavor Flav." DRAYTON is recognized as one of the two key members of groundbreaking Hip Hop group Public Enemy.  Public Enemy have been inducted into the Rock 'n' Roll Hall of Fame and have sold tens of millions of records.

3.        DRAYTON is also widely recognized as a television and media personality.

4.        Despite DRAYTON's position in Public Enemy, the group's management and related companies have for years attempted to minimize his role in the Public Enemy business, while continuing to rely upon DRAYTON's fame and persona to market the brand.

5.        Plaintiff has been constrained to file this lawsuit.  Plaintiff brings this case only after months of investigation and attempts to obtain underlying accounting figures, contracts and merchandising information.  Plaintiff or his representatives have been offered various excuses and dubious accountings, but they have not received any underlying data or hard facts of what has been paid to Defendants.

COMPLAINT

**Parties**

6.      Plaintiff DRAYTON is an individual residing in Las Vegas, Nevada.

7.      Defendant EASTLINK dba BTN EASTLINK (collectively "EASTLINK") is a New York Corporation with its principal place of business Anaheim, California.

8.       Upon information and belief, Defendant GARY RINALDO is an individual residing in Anaheim, California.  Upon information and belief, RINALDO is an officer, shareholder and handles the day-to-day operations of EASTLINK.

9.      SLAMJAMZ RECORDS dba ENEMY RECORDS (collectively "SLAMJAMZ") is a record label of unknown form that, on information and belief, is located in Anaheim, California.

10.     Defendant CARLTON RIDENHOUR p/k/a Chuck D ("RIDENHOUR") is an individual residing in Ventura County, California.

11.     Defendant XECUTIVE MUSIC GROUP, LLC ("XECUTIVE") is, upon information and belief, a North Carolina limited liability company with its principal place of business in North Carolina.

12.     Defendant CLIFTON "GREG" JOHNSON ("JOHNSON") is a resident of North Carolina.

13.     Defendant REACH MUSIC PUBLISHING, INC. dba REACH GLOBAL SONGS ("REACH") is, upon information and belief, a Virginia corporation with its principal place of business in Burbank, California.

14.     Defendant SOUNDDOME ENTERTAINMENT, INC. ("SOUNDDOME") is a Georgia corporation with its principal place of business in College Park, Georgia.  On information and belief, Defendant RIDENHOUR is the majority shareholder of SOUNDDOME.

COMPLAINT

15.     Defendant Does 1 – 10 are unknown individuals who, on information and belief, reside in the United States.

## JURISDICTION AND VENUE

16.     Defendants have engaged in the acts described herein with full knowledge that DRAYTON has considerable goodwill in his image as "Flavor Flav" and the band Public Enemy. This action arises, *inter alia*, under the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*, as well as the statutory and common law of the State of California.

17.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, and 1338(a) (b), and supplemental jurisdiction under 28 U.S.C. § 1367(a).

18.     This Court also has jurisdiction over this action under the principles of diversity jurisdiction and 28 U.S.C. § 1367.  Plaintiff is a resident of Nevada and Defendants are residents of California, New York, Georgia, North Carolina or Virginia, and the amount in controversy exceeds $75,000.

19.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)-(c).  On information and belief, the activities that are the subject of this litigation were completed in the Central District of California; the claims alleged in this action arose in the Central District of California; and the Defendants are corporations, individuals or unknown business entities based in the Central District of California shipping, selling or offering goods or services under the infringing mark in the Central District of California.

COMPLAINT

## COMMON ALLEGATIONS

20.     Plaintiff is a well-known musician, actor, and television personality.  As a member of the group Public Enemy, Plaintiff is in the Rock and Roll Hall of Fame.  Public Enemy's first four albums were certified either gold or platinum.

21.     Plaintiff has dozens of writing credits for Public Enemy songs. Plaintiff's performances on Public Enemy songs are marked by his distinctive voice and interjections.

22.     Along with Defendant RIDENHOUR p/k/a "Chuck D," Plaintiff is one of two principal members two members of Public Enemy.  According to Wikipedia, Public Enemy consists of "Chuck D, Flavor Flav, Professor Griff, Khari Wynn, DJ Lord, and the S1W group."  The Allmusic Guide lists Public Enemy as "the definitive rap group of all time."  Of DRAYTON, it says "With his comic sunglasses and an oversized clock hanging from his neck, Flavor Flav became the group's visual focal point."

23.     DRAYTON is also a well-known television personality, having appeared on "The Surreal Life" and on his own show "Flavor of Love," as well as inspiring spinoff shows such as "I Love New York" and "I Love Money."

24.     The image of DRAYTON as Flavor Flav is famous. Flavor Flav typically wears a hat, large sunglasses and is most known for wearing a distinctive large clock as a necklace.  The character of Flavor Flav acts as a court jester to the serious persona of RIDENHOUR.

25.     Plaintiff's FLAVOR FLAV trademark is registered with the U.S. Patent and Trademark Office as Reg. No. 5023394 in International Class 41 for Entertainment services by a musical artist and producer.

### Defendants' Failure to Compensate DRAYTON For Merchandise

26.     The image of Flavor Flav has been featured on countless t-shirts, posters and merchandise.

6

COMPLAINT

27.     In 2008 or about Defendant RINALDO became involved with the business of Public Enemy. Through his corporation, Defendant EASTLINK, RINALDO began to manage the band's business affairs, including operating its website, printing its t-shirts and engaging in merchandising deals.

28.     DRAYTON and RIDENHOUR had a long-standing agreement that the profits from the PUBLIC ENEMY name would be shared between them. Those profits, including revenue derived from live concerts, and merchandise sales were to be paid through Defendant EASTLINK.

29.     EASTLINK's payments to DRAYTON have diminished to almost nothing, and DRAYTON has been refused accountings, even on the items bearing his likeness.  On information and belief, this has been on the actions of Defendant RINALDO at the direction of Defendant RIDENHOUR.  On information and belief, RINALDO and EASTLINK have entered into merchandising deals for products as disparate as PUBLIC ENEMY branded watches, dolls of DRAYTON and bicycles, all without consent of DRAYTON, all without advance notice or compensation to DRAYTON.  DRAYTON asked about these payments but was referred to the band's accountant, Garlan

30.     In or about March, 2016, EASTLINK and RINALDO entered into an agreement Japanese toy company Presspop, Inc. to create an action figure set of Public Enemy, featuring a toy of Flavor Flav.  The toy was designed by well-known pop artist Ed Piskor and sculpted "in Japan by master sculptor, Tomohiro Yasui."

31.     DRAYTON did not consent to the use of his image, the FLAVOR FLAV trademark or his likeness on the Toy.  On information and belief, in exchange for appearing to authorize the Toy, RINALDO and EASTLINK received payment and dozens of the collectible toy sets.  DRAYTON received no payment of any kind.

COMPLAINT

32.     On information and belief, RINALDO and EASTLINK represented to Presspop in Japan that DRAYTON had authorized the use of his likeness, image and trademark in connection with the Toy, even though he had no knowledge of it.

**Defendants' Failure To Pay DRAYTON Music Royalties**

33.     Despite being identified as a writer on over 50 Public Enemy songs, DRAYTON has not received regular songwriting royalty statements from Defendants REACH. JOHNSON and XECUTIVE for several years.

34.     The website of performance rights organization BMI identifies Defendant REACH as the publisher for DRAYTON's songs.

35.     Plaintiff's digital performance rights are administered by Sound Exchange, but Plaintiff has never received any payments for downloads and streaming, even though his voice is the most distinctive element in Public Enemy and appears on dozens of recordings.  Payments for Plaintiff's digital performance rights have been made to Defendant SOUNDDOME, which is owned by Defendant RIDENHOUR.

36.     REACH and SOUNDDOME have failed to provide Plaintiff with periodic accountings for his songwriting credits.  Before filing this suit, Plaintiff requested such information from REACH but received only a single summary email with no backup documentation.

37.     REACH has represented that it has sent payment to Defendant XECUTIVE, which is operated by Defendant CLIFTON, but XECUTIVE has also failed to provide adequate accounting information.  On information and belief, XECUTIVE and REACH have conspired to deny Plaintiff payment for his copyrighted contributions to the Works.

COMPLAINT

1

2 **Defendants' Breach of Fiduciary Duty**

3      38.      Between 1992 and 2017, Defendants XECUTIVE and JOHNSON

4 operated as the personal manager for Plaintiff.  As personal managers, XECUTIVE

5 and JOHNSON owed Plaintiff duties of loyalty and confidentiality.

6      39.      During that time, XECUTIVE and JOHNSON repeatedly violated

7 their duty of loyalty to Plaintiff by, among other things, (i) failing to provide

8 Plaintiff with regular periodic accountings of monies owed; (ii) failing to pay

9 monies owed; and, (iii) on information and belief, working or conspiring with

10 REACH or other Defendants to deprive Plaintiff of money and information.

11      40.      During that time, XECUTIVE and JOHNSON also violated their

12 duty of confidentiality by discussing DRAYTON's personal business affairs with

13 REACH or other Defendants.

14

15 **Infringement of Plaintiff's Copyright and Likeness on "Nothing Is**

16 **Quick In The Desert"**

17      41.      Recently, DRAYTON's voice and image were used on an album

18 that was released without his consent.  Specifically, on June 29, 2017, Public

19 Enemy made available for free its "new album," entitled "Nothing Is Quick In The

20 Desert."  The album features DRAYTON's voice throughout.

21      42.      DRAYTON never consented to his voice being used in the album

22 "Nothing Is Quick In the Desert."  During the spring of 2017, DRAYTON was

23 contacted and asked to fly to California to record a new Public Enemy record.

24 DRAYTON was hoping the record would be done in the style of the classic Public

25 Enemy records, where he had major writing contributions.

26      43.      DRAYTON was in need of money to support his family, and

27 Defendants were aware of that fact.

28

COMPLAINT

44.     DRAYTON was upset to learn that he would have no input into the creative direction of the record.  He requested a fee of $75,000 to record the album.  When he arrived at the recording studio, he recorded certain phrases like "Nothing is quick in the desert" multiple times.  He did not believe these were final takes.  He was told to take $7,5000 and that any other money would be wired to him.  He was asked to sign a general release that was not explained to him, but he refused.  He initially refused the $7,500 but was told repeatedly to take it "on good faith."  He took the money and waited at his hotel the next day for the remainder.  When the remainder did not arrive, he returned home to Las Vegas.

45.     DRAYTON believed that his vocals would not be used, as they were not up to his standards of quality.  He never consented that his vocals be used from this recording session.  On or about June 29, 2017, DRAYTON was shocked to see that a new "Public Enemy" album was being released, and this his image was being used in multiple media outlets to promote the album.  He had never heard of the album, nor heard any of the final mixes.

46.     Further, the lyrics on "Sells Like Teen Spirit" were recorded over 20 years ago, and are being used without Plaintiff's permission.

47.     DRAYTON's photograph is also used on the liner notes to "Nothing Is Quick In The Desert," and he is listed as an Executive Producer.  He approved of neither of these uses of his name or photograph.  This was not the first time DRAYTON's voice had been used without compensation.  For instance, he was never listed as a write on "Bring The Noise," one of Public Enemy's biggest hits, even though his improvised raps are some of the song's most distinctive moments.

COMPLAINT

# FIRST CLAIM FOR RELIEF

## (Violation of Right of Publicity – Cal. Civ. Code § 3344 against RINALDO, EASTLINK, SLAMJAMZ, and RIDENHOUR)

48.     Plaintiff re-alleges the facts above in paragraphs 1 – 47, as though fully set forth herein.

49.     Defendants RINALDO, EASTLINK, SLAMJAMZ and RIDENHOUR used DRAYTON'S likeness to generate income on products and merchandise, liner notes and for the purpose of advertising products, merchandise or services.

50.     Such use has been without DRAYTON's consent.

51.     Such use was not in connection with news, public affairs, a sports broadcast or politics.

52.     The use was directly connected to commercial purposes.

53.     DRAYTON has been harmed by the use.

54.     The use was a substantial factor in causing the harm, including general and special damages.

55.     Defendants engaged in outrageous conduct, carried on with willful and conscious disregard of the rights of Plaintiffs. Plaintiffs are entitled to compensatory and punitive damages. Plaintiffs are entitled to attorney fees and costs.

# SECOND CLAIM FOR RELIEF

## (Violation of the Common Law Right of Publicity and Misappropriation of Likeness against SLAMJAMZ, RIDENHOUR, EASTLINK, and RINALDO)

56.     Plaintiff re-alleges the facts above in paragraphs 1 – 47, as though fully set forth herein.

COMPLAINT

57.     Defendants RINALDO, EASTLINK, RIDENHOUR and SLAMJAMZ have used Plaintiff's identity, name and likeness.

58.     The use of Plaintiff's identity, name and likeness was to Defendants' commercial and reputational advantage.

59.     Plaintiff did not consent to the use of his identity.

60.     Plaintiff has been injured as a result of the use of his identity. Plaintiff's injuries have been both personal and commercial.  Plaintiff's injuries are in an amount to be determined at trial.

61.     Defendants engaged in outrageous conduct, carried on with willful and conscious disregard of the rights of Plaintiffs. Plaintiffs are entitled to compensatory and punitive damages. Plaintiffs are entitled to attorney fees and costs.

## THIRD CLAIM FOR RELIEF

## (Copyright Infringement (17 U.S.C. § 501, et seq.) against RIDENHOUR, SLAMJAMZ, REACH, and EASTLINK)

62.     Plaintiff realleges and reincorporates paragraphs 1- 47 above, as though set forth fully herein.

63.     Plaintiff is informed and believes and thereon alleges that Defendants RIDENHOUR, SLAMJAMZ, REACH and EASTLINK, and each of them, had access to sound recordings of his voice that appeared on the album "Nothing Is Quick In The Desert."

64.     Plaintiff is informed and believes and thereon alleges that Defendants RIDENHOUR, SLAMJAMZ, REACH, and EASTLINK, and each of them, copied or distributed copies of the sound recordings.

COMPLAINT

65.     Plaintiff is informed and believes and thereon alleges that RIDENHOUR, SLAMJAMZ, REACH, and EASTLINK, and each of them, infringed Plaintiff's copyright by creating, making and/or developing and/or licensing directly infringing and/or derivative works from Plaintiff's sound recordings.

66.     Defendants' infringement has caused substantial damage to Plaintiff, in an amount to be proven at trial. Plaintiff has suffered general and special damages. Defendants have also obtained profits either directly or indirectly from its infringing activities.

67.     Plaintiff is informed and believes and thereon alleges that Defendants' infringing activities have continued after Plaintiff demanded that they cease and desist, so that the infringing activities are willful, intentional and malicious.

68.     Defendants' infringement irreparably harms Plaintiff and leaves him without an adequate remedy at law, so that he is entitled to an injunction to halt any further infringing activity.  On information and belief, Defendants, and each of them, have vicariously or contributorily infringed Plaintiff's copyright in the sound recordings.

## FOURTH CLAIM FOR RELIEF

### (Breach of Fiduciary Duty against Defendants XECUTIVE and JOHNSON)

69.      Plaintiff reincorporates the allegations of Paragraphs 1 - 47 as though fully set forth herein.

70.     Defendants XECTUTIVE and JOHNSON worked as Plaintiff's managers for over 20 years.

71.     XECUTIVE and JOHNSON owed a fiduciary duty of undivided loyalty and confidentiality with regard to his musical career and earnings.

13

COMPLAINT

72.     The fiduciary duty owed to Plaintiff carried a duty to act with the utmost of good faith and bests interests of Plaintiff with regard to the financial interests placed in their care.

73.     XECUTIVE and JOHNSON failed to act as reasonably careful agents would have acted in the same or similar circumstances.

74.     DRAYTON was harmed.

75.     XECUTIVE and JOHNSON's conduct was a substantial factor in causing the harm.

76.     As a proximate result of XECUTIVE and JOHNSON's conduct, Plaintiff has suffered general and special damages on the basis of, *inter alia,* the loss of use of his income.  Plaintiff has been damaged in excess of $75,000.

77.     Defendants engaged in the aforementioned acts with malice, oppression and fraud such that Plaintiff is entitled to punitive damages to punish Cross-Defendants and discourage similar conduct in the future.

## FIFTH CLAIM FOR RELIEF

### (Breach of Contract Against XECUTIVE, JOHNSON, RIDENHOUR, REACH, EASTLINK and SOUNDDOME)

78.     Plaintiff reincorporates the allegations of Paragraphs 1 - 47 as though fully set forth herein.

79.     DRAYTON entered into numerous contracts.  Specifically, he entered into a contract to with XECUTIVE and JOHNSON to provide traditional manager and business management services. Under the terms of the contracts, XECUTIVE and JOHNSON would receive 15% commission for their work, and DRAYTON would receive the remainder.

80.     DRAYTON also entered into a verbal agreement with RIDENHOUR in which 50% of the net proceeds from use of the PUBLIC ENEMY brand would be paid to DRAYTON.

14

COMPLAINT

81.     DRAYTON also entered into a standard publishing agreement with REACH whereby, after customary deductions for publishing services, REACH would pay DRAYTON as he designates and account to DRAYTON at his request.

82.     DRAYTON also entered into a verbal agreement with EASTLINK whereby EASTLINK would pay DRAYTON for the use of his image and likeness.

83.     To the extent SOUNDDOME claims any rights in Plaintiff's sound recordings, such rights arise from an express or implied contract.

84.     XECUTIVE, JOHNSON, RIDENHOUR, REACH, EASTLINK  and SOUNDDOME all violated their agreement by, among other things, failing to provide adequate payments or accountings to DRAYTON and failing to investigate his allegations of breach.

85.     On information and belief, Plaintiff's sound recording royalty payments from Sound Exchange have been misdirected to Defendant SOUNDDOME.

86.     DRAYTON substantially performed under the agreements by providing his services.

87.     All conditions required for Plaintiff's performance had occurred or were excused.

88.     As a result of Defendants' conduct and breach of contract, DRAYTON is entitled to general and special damages, including lost profits, in excess of $75,000 and in amounts to be determined at trial.

## SIXTH CLAIM FOR RELIEF

### (False Designation of Origin -- 15 U.S.C. § 1125(a) against RIDENHOUR, SLAMJAMZ, RINALDO and EASTLINK)

89.     Plaintiff reincorporates the allegations of Paragraphs 1 - 47 as though fully set forth herein.

15

COMPLAINT

90.    Plaintiff has built considerable good will in the FLAVOR FLAV mark and persona.

91.    Defendants EASTLINK, BTNEASTLINK, SLAMJAMZ, RIDENHOUR and RINALDO have used the FLAVOR FLAV mark and persona to create the false impression that goods such as t-shirts, bicycles, dolls and the "Nothing Is Quick In The Desert" album originate or are authorized by Plaintiff.

92.    These Defendants' use of the FLAVOR FLAV mark by, without limitation, creating, promoting, offering for sale and selling products using the FLAVOR FLAV mark is likely to cause confusion, mistake and/or deception of others as to the origin, sponsorship, approval, affiliation or association of Defendants' goods and services with Plaintiff, in violation of Section 43(a) of the Lanham Act, as codified at 15 U.S.C. § 1125(a).

93.    Defendants' use of the marks has caused and will continue to cause damage to Plaintiff in an amount to be proven at trial by, inter alia, confusing consumers  and constitutes unfair competition and infringement of Plaintiffs' marks in violation of 15 U.S.C. § 1125(a).

94.    Defendants' conduct as alleged herein has irreparably damaged and will continue to irreparably damage Plaintiff's market reputation, and goodwill, and may discourage current and potential customers from dealing with Plaintiffs. Such irreparable harm will continue unless Defendants' actions are enjoined during the pendency of this action, and thereafter.

95.    Plaintiff is informed and believes, and on that basis avers, that Defendants' acts alleged herein have been undertaken with full knowledge of Plaintiff's rights and with the willful and deliberate intent to cause confusion, mistake and deception among members of the relevant public and to trade on the goodwill associated with Plaintiff's FLAVOR FLAV Mark.

### SEVENTH CLAIM FOR RELIEF

**(Infringement of a Registered Mark, 17 U.S.C. § 1114, against RIDENHOUR, SLAMJAMZ,  RINALDO and EASTLINK)**

96.   Plaintiff reincorporates the allegations of Paragraphs 1 - 47 as though fully set forth herein.

97.   Plaintiff is the owner of U.S. Trademark Reg. No. 86560472 for FLAVOR FLAV in International Class 41 for "Entertainment services by a musical artist and producer, namely, musical composition for others and production of musical sound recordings; entertainment services in the nature of live musical performances, event host and concert promotions."

98.   Defendants EASTLINK, SLAMJAMZ, RIDENHOUR and RINALDO have used the FLAVOR FLAV mark in connection with musical production services and musical composition on the "Nothing Is Quick In the Desert."

99.   Defendants' use of the trademark FLAVOR FLAV in connection with "Nothing Is Quick In the Desert" is not authorized.

100.   Defendants' use of the FLAVOR FLAV in connection with musical services is likely to cause confusion, mistake and/or deception in connection with such use, in violation of 15 U.S.C. § 1114.

101.   Defendants' use of the marks has caused and will continue to cause damage to Plaintiff in an amount to be proven at trial, pursuant to 15 U.S.C. § 1117.

102.   Defendants' conduct as alleged herein has irreparably damaged and will continue to irreparably damage Plaintiff's market reputation, and goodwill, and may discourage current and potential customers from dealing with Plaintiffs. Such irreparable harm will continue unless Defendants' actions are enjoined during the pendency of this action, and thereafter.

COMPLAINT

103.    Plaintiff is informed and believes, and on that basis avers, that Defendants' acts alleged herein have been undertaken with full knowledge of Plaintiff's rights and with the willful and deliberate intent to cause confusion, mistake and deception among members of the relevant public and to trade on the goodwill associated with Plaintiff's FLAVOR FLAV Mark.

## EIGHTH CLAIM FOR RELIEF

### (Common Count/Open Book Account against all Defendants)

104.    Plaintiff reincorporates the allegations of Paragraphs 1 - 47 as though fully set forth herein

105.    Defendants owe DRAYTON money on an open book account.

106.    DRAYTON and Defendants had financial transactions.

107.    Defendants kept an account of the debits and credits involved in the transactions.

108.    Defendants owe Plaintiff money on the account in an amount to be determined when the accounts are analyzed.

## NINTH CLAIM FOR RELIEF

### (Common Count/Quantum Meruit against RIDENHOUR, SLAMJAMZ, REACH and SOUNDDOME)

109.    Plaintiff reincorporates the allegations of Paragraphs 1 - 47 as though fully set forth herein.

110.    Defendants owe Plaintiff money for goods and services rendered.

111.    Defendants requested that Plaintiff perform concerts and lend his services for music production for the benefit of Defendants.

112.    Plaintiff performed those services.

113.    Defendants have not paid Plaintiff for those services.

114.    Plaintiff is entitled to the reasonable value of those services.

COMPLAINT

## TENTH CLAIM FOR RELIEF

### (Unfair Competition, <u>Cal. Bus. & Prof. Code</u> §17200 against All Defendants)

115.    Plaintiff repeats, realleges and incorporates by reference in this paragraph the allegations contained in paragraphs 1 - 47 of this Complaint as if fully set forth herein.

116.    Defendants' actions as described herein constitute unlawful, unfair or fraudulent business practices as those terms are defined in <u>Cal. Bus. & Prof. Code</u> § 17200.

117.    Plaintiff is entitled to restitution or disgorgement of all profits gained by Defendants as a result of their unfair competition.  They are further entitled to an injunction against further unfair business practices.

118.    Such acts have caused and will continue to cause irreparable and immediate injury to Plaintiff for which Plaintiff has no adequate remedy at law. Unless Defendants are restrained by this Court from continuing the acts alleged herein, these injuries will continue to occur.

## ELEVENTH CLAIM FOR RELIEF

### (Common Law Unfair Competition against All Defendants Except XECUTIVE and JOHNSON)

119.    Plaintiff repeats, realleges and incorporates by reference in this paragraph the allegations contained in paragraphs 1 – 47 of this Complaint as if fully set forth herein.

COMPLAINT

120.    The above-described acts of Defendants (except XECUTIVE and JOHNSON) constitute common law unfair competition in that Defendants are passing off their goods and services as those of the Plaintiff.  Such acts have caused and will continue to cause irreparable and immediate injury to Plaintiff for which Plaintiff has no adequate remedy at law.  Unless Defendants are restrained by this Court from continuing the acts alleged herein, these injuries will continue to occur.

121.    Plaintiff is informed and believe and based thereon alleges that the foregoing acts of the Defendants are willful and malicious in that they have been undertaken with a conscious disregard of the Plaintiff's rights and with a desire to injure the Plaintiff's business and to improve their own.

## **TWELFTH CLAIM FOR RELIEF**
### **(Conversion against all Defendants)**

122.    Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 - 47 as if fully set forth herein.

123.    Plaintiff is informed and believes and thereon alleges that from Defendants have taken control and ownership of plaintiffs' royalty income, mechanical royalties, digital performance royalties and merchandising income for their own benefit and use without authority as alleged herein.

124.    Plaintiff is further informed and believes that the aforementioned Defendants have willfully converted said property and rights of plaintiff to their own use are further informed and believe and thereon allege that these Defendants have either falsely claimed ownership of various sound recordings authored by Plaintiff and have wrongfully retained royalties thereto.

125.    As a direct and proximate result of the defendants' conversion of plaintiffs' interest plaintiff has been damaged in an amount not yet Certain.

COMPLAINT

126.     The actions of defendants were malicious, fraudulent and oppressive and undertaken in conscious disregard of plaintiffs' property rights. Plaintiffs are therefore entitled to an award of punitive and exemplary damages in an amount sufficient to punish defendants and set an example to others.

## THIRTEENTH CLAIM FOR RELIEF
### (Constructive Trust against All Defendants)

127.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 - 47 as if fully set forth herein.

128.     Plaintiffs is informed and believe that Defendants are in custody and control of, and have received funds and assets, such as royalty and other payments generated by the sale and use of the sound recordings, compositions, Plaintiff's likeness and image, all as referred to herein. All such assets. royalties and payments should be paid
to Plaintiff.

129.     Plaintiff is informed and believe that these funds and payments should be paid to Plaintiff.

130.     Plaintiff is informed and believes that these funds and assets were knowingly and wrongfully taken by Defendants with full knowledge of Plaintiff's rights and claims.

131.     Defendants are, therefore, constructive trustees of all of the monies wrongfully earned and diverted to themselves as alleged

## FOURTEENTH CLAIM FOR RELIEF
### (Accounting against all Defendants)

132.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 - 47 as if fully set forth herein.

21

COMPLAINT

133.     Defendants acted as either Plaintiff's agent(s), his brand co-owners, his publishing company or the administrators of his royalties.

134.     The accounts set forth herein are so complicated that a professional accounting or audit is required to determine the amounts owed by Defendants.

135.    Plaintiff requests that the Court order an accounting of all amounts owed to Plaintiff by Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendants as follows:

1.     For preliminary and permanent injunctive relief prohibiting their trademark infringement, unfair competition, wrongful use of Plaintiff's name, likeness or identify and from creating a false association with Plaintiff;

2.     For an order requiring Defendants to supplement or amplify copyright registrations and ownership records regarding Plaintiff's contributions to Public Enemy songs;

3.     That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages, as available under the Lanham Act;

4.     That Plaintiff be awarded its attorneys' fees as available under the Lanham Act;

5.     That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

6.     That disgorgement, restitution or injunctive relief be ordered, as appropriate, pursuant to Cal.Bus.&Prof.Code § 17200;

22

COMPLAINT

7.     That Plaintiff be awarded all available compensatory damages for violation of the Lanham Act, violation of the common law of California, and violation of Cal.Bus.&Prof.Code § 17200

8.     That Plaintiff be awarded punitive or exemplary damages;

9.     That the Court impose a constructive trust on Plaintiff's proceeds held by Defendants;

10.    The Court award Plaintiffs their costs, interest and attorney's fees; and

11.    The Court award Plaintiffs such other and further relief as the Court deems just and proper.

That the Court order Defendants and their agents to pay monetary damage to Plaintiff in an amount sufficient to compensate him for all damages resulting from the unauthorized copying, distribution and sale of his work, including, but not limited to, his lost sales and disgorgement of Defendants' profits;

b.     That Defendants and their agents and servants all be enjoined from selling, distributing, or manufacturing items which infringe Plaintiff's copyrights on his work and from any unauthorized copying of any of Plaintiff's copyrighted work;

d.     That the Court find Defendants' violation of Plaintiff's rights to be willful so that Plaintiff's award is enhanced;

e.     That Plaintiff be awarded prejudgment interest as allowed by law;

COMPLAINT

1    f.    That Plaintiff be awarded fees and costs of this action; and

2    g.    That Plaintiff be awarded such further legal and equitable

3  relief as the Court deems proper.

4

5  DATED:  August 29, 2017              KARISH & BJORGUM, PC

6

7

8

9

10                                     By:
                                       A. Eric Bjorgum
11                                     Attorneys for Plaintiff
                                       WILLIAM J. DRAYTON
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

1

2 <u>**REQUEST FOR JURY TRIAL**</u>

3       Pursuant to Fed.R.Civ.P. 38(b), Plaintiff hereby requests a trial by jury of

4 all issues raised by its counterclaims which are properly triable to a jury.

5

6 Dated:  August 29, 2017          Respectfully submitted,

7

8

9

10 By:_____

11 A. Eric Bjorgum
KARISH & BJORGUM PC

12 Attorneys for Plaintiff WILLIAM J.
DRAYTON

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT